IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION



KWAME Z. SHABAZZ     PLAINTIFF

V.     CIVIL ACTION NO: 3:15cv573HTW-LRA

JACKSON STATE UNIVERSITY     DEFENDANT

## COMPLAINT
## JURY TRIAL DEMANDED

**COMES NOW** the Plaintiff, Kwame Z. Shabazz, by and through his counsel, Watson & Norris, PLLC, and files this action to recover damages for violations of his rights under Title VII of the Civil Rights Act of 1964, against Defendant, Jackson State University. In support of this cause, the Plaintiff would show unto the Court the following facts to-wit:

### PARTIES

1. Plaintiff, Kwame Z. Shabazz, is an adult male resident of Knox County, Illinois, residing at 155 North Prarie Street, Galesburg, Illinois, 61401.

2. Defendant, Jackson State University (JSU), is a public institution of higher education located in Jackson, Mississippi and is the recipient of federal funding. Defendant may be served with process through the Mississippi Attorney General's Office: Jim Hood, Mississippi Attorney General, 550 High Street, Suite 1200, Jackson, Mississippi 39201.

### JURISDICTION AND VENUE

3. This court has federal question and civil rights jurisdiction for a cause of action arising under Title VII of the Civil Rights Act of 1964.

4. This Court has personal and subject matter jurisdiction over the Defendants and venue is proper in this Court.

5. Plaintiff timely filed a Charge of Discrimination with the EEOC, a true and correct copy of which is attached as Exhibit "A." The EEOC issued a Notice of Right to Sue on May 15, 2015, a true and correct copy of which is attached as Exhibit "B." Plaintiff timely files this cause of action within ninety (90) days of receipt of his Notice of Right to Sue

## STATEMENT OF THE FACTS

6. Plaintiff was hired by the Defendant on August 11, 2014, as an Associate Director of Study Abroad.

7. In September of 2014, Plaintiff supervisor, Lokesh Shivakumariah, was terminated. Ms. Shirley Harrison was hired to replace Lokesha Shivakumariah. Immediately, the relationship between Ms. Harrison and Plaintiff was very tense.

8. Plaintiff was in charge of organizing guest speaker's to speak at certain programs with the Defendant. Plaintiff contracted Dr. Michael Williams, a resident of Ghana, West Africa, to speak at a program for the Defendant. After Dr. Williams speaking engagement, Ms. Harrison refused to pay Dr. Williams for his services. Since it was Plaintiff's responsibility to ensure that he was paid, Plaintiff felt obligated to request that Ms. Harrison pay him. By refusing to pay Dr. Williams for his services, Ms. Harrison unlawfully broke the contract between the Defendant and Dr. Williams.

9. Plaintiff complained on several occasions to Ms. Harrison regarding why Ms. Harrison refused to pay Dr. Williams for his services. Ms. Harrison was well aware that it was Plaintiff's job to see that the Defendant honor their contract and pay Dr. Williams.

10. On November 4, 2014, after Plaintiff asked Ms. Harrison once again about why she refused to pay Dr. Williams, the Defendant terminated Plaintiff's employment. Plaintiff believed

what Ms. Harrison was doing was unlawful and discriminatory towards Dr. Williams, based on the fact that Dr. Williams was a resident of Ghana, West Africa. Plaintiff engaged in a protected activity when Plaintiff complained to his supervisor, Ms. Harrison, for not paying Dr. Williams for his services, in which Dr. Williams was owed, and as a result of engaging in this protected activity, Plaintiff was terminated.

11.     Also, in the Defendant's employment offer letter to Plaintiff, a true and correct copy of which is attached as Exhibit "C", there is a clause that states, "Each new employee must serve a six month probationary period before becoming a regular University employee. If, at any time prior to the completion of the probationary period, the employee's performance has not been satisfactory, the supervisor may after counseling with the employee, recommend termination of the employee's services with a one-week notice." However, Ms. Harrison never counseled Plaintiff at any time during Plaintiff's employment with the Defendant. As stated in the letter, the Defendant breached its contract of employment with Plaintiff by not counseling Plaintiff regarding Plaintiff job performance that Ms. Harrison thought was unsatisfactory. The same unsatisfactory job performance that led to Plaintiff's termination with the Defendant.

12.     By Plaintiff continuing to insist that Ms. Harrison honor the contract between the Defendant and the guest speaker, Plaintiff was subjected to an "adverse employment action" and has suffered damages. Plaintiff engaged in a protected activity and as a result of engaging in protected activity, Plaintiff was terminated.

13.     The Defendant's actions were willful, intentional, and in reckless disregard for Plaintiff's rights protected by both State and Federal Law.

## CAUSES OF ACTION

## COUNT ONE: TITLE VII OF THE CIVIL RIGHTS OF 1964 - RETALIATION

14.     Plaintiff re-alleges and incorporates all averments set forth in paragraphs 1 through 13 above as if fully incorporated herein.

15.     Defendant has unlawfully retaliated against Plaintiff by terminating Plaintiff for for complaining to his supervisor, Ms. Harrison, for not honoring her contract with Dr. Williams. Plaintiff engaged in a protected activity and as a result of engaging in protected activity, Plaintiff was terminated.

16.     As a direct and proximate result of the intentional acts of Defendant described above, Plaintiff has suffered lost wages and benefits and other pecuniary loss as well as deep pain, humiliation, anxiety, and emotional distress.

17.     The acts of the Defendant constitute a willful intentional violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e) *et seq.*, and other federal laws, and entitle Plaintiff to recovery of damages, both pecuniary and punitive in nature.

## COUNT TWO: BREACH OF CONTRACT

18.     Plaintiff re-alleges and incorporates all averments set forth in paragraphs 1 through 17 above as if fully incorporated herein.

19.     Defendant, did knowingly, willfully, and intentionally breach the employment contract entered into with Plaintiff.

20.     Prior to Defendant's breach of contract, Plaintiff complied with and performed all the conditions imposed upon him by the contract.

21.     Through its wrongful termination of Plaintiff, the Defendant has completely failed

to perform the obligations imposed upon it by the contract.

22.   As direct and proximate result of Plaintiff's breach of contract, Plaintiff suffered and continues to suffer lost earnings and benefits, emotional pain, suffering, professional and personal embarrassment, humiliation, loss of enjoyment of life, and inconvenience.

**WHEREFORE PREMISES CONSIDERED**, Plaintiff respectfully prays that upon hearing of this matter by a jury, the Plaintiff be granted the following relief in an amount to be determined by the jury:

1. Reinstatement or front pay in lieu of reinstatement;
2. Back pay;
3. Compensatory damages;
4. Punitive damages;
5. Attorney's fees;
6. Costs and expenses; and
7. Any other relief to which he may be properly entitled.

THIS the 10th day of August, 2015.

Respectfully submitted,

KWAME Z. SHABAZZ, PLAINTIFF

By: *Louis H. Watson, Jr.*
Louis H. Watson, Jr. (MB# 9053)
Nick Norris (MB# 101574)
Attorneys for Plaintiff

OF COUNSEL:

WATSON & NORRIS, PLLC
1880 Lakeland Drive, Suite G
Jackson, Mississippi 39216
Telephone: (601) 968-0000
Facsimile: (601) 968-0010
Email: louis@watsonnorris.com